JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CASBN 195046)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7144
    Fax: (415) 436-7234
    Email: allison.danner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-0671-01 JSW |
|     Plaintiff, ) | UNITED STATES' SENTENCING MEMORANDUM |
|     v. ) | Date: March 23, 2008 |
| PATRICE RAVEN, ) | Time: 2:30 p.m. |
|     Defendant. ) | |

    On November 29, 2007, defendant Patrice Raven pleaded guilty to a single count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. She is scheduled to be sentenced by this Court on March 23, 2008. The United States respectfully requests that this Court sentence defendant to 3 years of probation, no fine, $11,965 in restitution, to be paid jointly and severally with Jeanette Bland, defendant in CR 07-0670 JSW, and a $100 special assessment.

A.    <u>The Applicable Sentencing Range Under the Guidelines is 0-6 Months.</u>

    Under the advisory Sentencing Guidelines, defendant's base offense level for the instant offense is 6. U.S.S.G. § 2X1.1(a) (cross-referencing U.S.S.G. § 2B1.1). The loss in the case was

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0671-01 JSW    -1-

between $10,000 and $30,000, which results in an increase of four levels to the base offense level. U.S.S.G. § 2B1.1(b)(1)(C). Defendant receives a two-point deduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a). These calculations result in an offense level of 8. As calculated by the Probation Office, defendant's criminal history category results in 3 criminal history points, which places her in criminal history category II under the Sentencing Guidelines. U.S. Sentencing Guidelines Manual ch. 5, pt. A. Combining these figures yields a sentencing range of 6-12 months under the guidelines. *Id.* Defendant's guideline range falls within Zone B of the Sentencing Table. U.S.S.G. § 5C1.1(b).

B.   <u>A Sentence of 3 Years of Probation is Reasonable in This Case.</u>

The United States realizes that this Court is unlikely to accept the plea agreement in this case in light of its rejection of the identical plea agreement in the case of defendant's co-defendant, Jeanette Bland, CR 07-0670 JSW. Further, the United States acknowledges that Ms. Raven's criminal history is more extensive than it believed when the plea agreement was negotiated, as is the amount of actual loss suffered by the victim banks.

Nevertheless, the United States urges this Court to accept the sentence agreed upon in the plea agreement and recommended by the Probation Office. Such a sentence is substantively reasonable and is well supported by the nature of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a). Defendant wilfully defrauded four banks. This recidivism merits a significant penalty, which the United States believes a federal felony conviction provides.

On the other hand, defendant's criminal history–while greater than Ms. Bland's–consists largely of state misdemeanors. Furthermore, defendant's sole felony conviction had nothing to do with financial fraud. Defendant has expressed remorse for the crime. (PSR ¶ 24.) Defendant is currently employed in a position working with individuals with mental disabilities. (PSR ¶ 50.) In addition, she has recently secured her high school diploma. (PSR ¶ 63.) Defendant appears to have sole responsibility for her two minor children (PSR ¶ 55-56) and suffers from diabetes (PSR ¶ 59). A probation sentence will afford defendant an opportunity to pursue the lawful path that her recent achievements suggest while at the same time ensuring that

she remains under close supervision. The United States Attorney's Office in Nebraska, which originally charged this case, as well as the case agent who led the investigation, concur in this sentence. Indeed, the Assistant United States Attorney in Nebraska responsible for this case negotiated this agreement with defendant and believes it is substantively reasonable, particularly given that defendant has now been convicted of a federal felony.

C.  <u>The United States Respectfully Requests that this Court Order that Defendant is Jointly and Severally Liable for $11,965 in Restitution.</u>

When the parties negotiated the plea agreement in this case, they believed that the relevant banks had suffered an actual loss of $21,000. Since the United States had already recovered $16,035; $4,965.00 remained to be paid in restitution. The plea agreement, therefore, named this amount as the restutionary figure. (Plea Agreement at ¶ 2.) The Probation Officer's investigation, however, revealed that the banks suffered an actual loss of $28,000, leaving $11,965 to be paid in restitution.

Both parties agree that $11,965 is the correct figure for restitution, and the United States consents to a modification of the terms of the plea agreement to reflect this amount. The United States respectfully requests that this Court order defendant Bland to pay $11,965 in restitution, to be paid jointly and severally with Jeanette Bland, defendant in CR 07-0670 JSW.

For the reasons set forth above, the United States respectfully requests that this Court sentence defendant to 3 years of probation, no fine, $11,965 in restitution, to be paid jointly and severally with Jeanette Bland, defendant in CR 07-0670 JSW, and a $100 special assessment.

DATED: March 13, 2008.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____
ALLISON MARSTON DANNER
Assistant United States Attorney